UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JURY TRIAL
DEMANDED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
PXT Payments, Inc.                              \*
                                                \*
                    Plaintiff                   \*
v.                                              \*     Civil Action Number:
                                                \*
LinkedIn, Corporation                           \*
                                                \*
                    Defendant                   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

Preliminary Statement

Plaintiff PXT Payments, Inc. ("PXT") has brought this action in order to seek a determination by this Court that its use of its trademark "looped in" (utilized both with a stylized element and in plain block letters) is not infringing upon any trademark right held by defendant LinkedIn, Corporation ("LinkedIn") in their trademark "Linkedin". As described more fully below, on October 10, 2012, PXT filed an application with the United States Patent and Trademark Office (the "PXT Trademark Application") in order to register the trademark "looped in" (the PXT design mark) for its product which can be described generally as a software application (i.e. "APP") for mobile phones and similar devices that allows users to engage in seamless digital coupon redemption, friend to friend money movement, point-of-sale PIN based in-store transactions and online PIN based transactions, among other tasks, all related to the exchange/transfer of money and/or money substitute offers (i.e. coupons or store loyalty points) between two consumers or a consumer and a business. (See USPTO summary printout of

Trademark Application 85/750,185 attached as Exhibit 1.)  The looped in software application also allows participating merchants to provide Geolocation based alerts to consumers and/or potential consumers via email and/or text and in-app messages to customers and potential customers of special offers and store locations and directions, among other functions, as managed by PXT on behalf of the merchants (See Exhibit 2 for a copy of PXT's home web page.)  PXT also utilizes, in certain instances, the words "looped in" as standard text (the PXT text mark) in connection with the same software application and generally in connection with the PXT design mark.

Soon after The PXT Trademark Application was published, PXT received a June 18, 2013 letter from LinkedIn claiming that PXT's trademark infringed upon LinkedIn's trademarks in that it is or will cause commercial confusion and dilution, and demanding that PXT "phase out its use of the "LOOPEDIN (sic) Mark".  See Exhibit 3.  LinkedIn has followed up with additional correspondence further articulating its position that PXT is infringing upon LinkedIn's trademarks.

PXT disputes the assertions set forth by LinkedIn and disagrees with its assessment of PXT's Design and Text trademarks, as described more fully below.  Therefore, an actual and justiciable controversy exists between PXT and LinkedIn with respect to PXT's trademarks.  PXT requests a determination by this Court that the PXT looped in trademarks (the PXT design mark and the PXT text mark) do not infringe upon any LinkedIn mark, that there is no risk of commercial confusion, and, further, that the PXT looped in trademarks do not dilute LinkedIn's trademarks.

## Parties

1.    Plaintiff PXT is a Delaware corporation with a headquarters and principal place of business at 300 Brickstone Square, Andover, Massachusetts, 01810.

2.    Defendant LinkedIn is, upon information and belief, a Delaware corporation with a principal place of business at 2029 Stierlin Court, Mountain View, California, 94043.

## Jurisdiction and Venue

3.    The Court may properly assert *in personam* jurisdiction over LinkedIn because, among other things, LinkedIn has substantial contacts with the Commonwealth of Massachusetts through its internationally available web-based product of the same name, including its routine and systematic contact with hundreds of thousands of users located in Massachusetts including, as LinkedIn has asserted, "over 200 million members in over 200 countries" including "PXT's President and CEO John Regan", a resident of the Commonwealth of Massachusetts who "maintains a profile on LinkedIn" as of September 1, 2013.  See June 18, 2013 letter attached as Exhibit 3.

4.    This is an action for declaratory judgment under 28 U.S.C. § 2201 and § 2202. This Court has jurisdiction under 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121.

5.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) since PXT resides in this district and a substantial part of the events which give rise to the dispute occurred in this district.

## Background Facts

6.    PXT is an electronic payment company that facilitates financial transactions via mobile devices such as peer to peer or friend to friend, onsite Point Of Sale (POS), mobile merchants, and on the Internet and delivers local, secure transactions for consumers and

merchants on smart phones within a particular community. The goal of PXT is to provide secure, fast and convenient ways to pay for goods and services at local stores, universities, and colleges nationally.

7. As part of its expanding product and service offering, in 2012, PXT entered the mobile payment market with its looped in™ software application for mobile devices, such as mobile phones, iPads, and similar "smart" devices, that expands the merchant-consumer relationship, bringing value to the consumer, and incremental transactions to the merchant, and which allows users/consumers to, among other things, receive GPS located offers, redeem digital coupons, engage in friend to friend money movement with text and pictures, provide for the aggregation of money to pay bills online, and generally use money from a consumer's checking, credit or debit card in a very secure environment, all by entering a Personal Identification Number (PIN) on the user's mobile device. For merchant users, the application provides, among other things, the ability to provide Geolocation based alerts via email and/or text and in-app messages to customers and potential customers of special offers and store location and direction, as managed by PXT on behalf of merchants. PXT named its product "looped in."

8. In connection with the release of its new mobile product, PXT created The PXT design mark looped in™ to identify its product. As is readily apparent, the looped in design mark is made entirely of lower case letters that are green and black in color, spelling out "looped" primarily in black with one "o" in green, while "in" is entirely green. The two o's in "looped" have been manipulated to take on the appearance of human eyes in the form of a figure eight or infinity symbol, with the addition of a small, round, black mark in the center of each "o" to reflect an iris, and a black mustache to give it the further appearance of a human face. The "in" portion of the mark is separated from "looped" by a space. Both the design and word marks

have been in use since at least September 26, 2012 beginning in the Commonwealth of Massachusetts and have common law trademark protection.

9. On October 10, 2012, PXT filed an application to register looped in and mark with the United States Patent and Trademark Office (USPTO). Following approval of the application by the USPTO, the PXT Trademark Application was published for opposition. Subsequent to publication of the application, PXT received a letter from counsel for LinkedIn, dated June 18, 2013 (attached as Exhibit 3), claiming that PXT's mark, and in particular, its use of a word starting with "l" and ending in "in" "creates an overall commercial impression which is closely similar to the commercial impression created by the LinkedIn Marks."

10. According to its website, LinkedIn is "the world's largest profession network with 225 million members in over 200 countries and territories around the globe." LinkedIn's mission is to "connect the world's professionals . . . When you join LinkedIn, you can get access to people, jobs, news, updates and insights that help you be great at what you do." LinkedIn allows its members to "connect" with other professionals in the same or other fields, creating a network that is viewable to others. LinkedIn allows it members to search for other professionals by name, location, and other search criteria. LinkedIn also suggests members with which to make a connection and allows members to see what other members have viewed his or her profile all in an effort to further or increase the individual's network.

11. In its June 18, 2013 letter to PXT, LinkedIn does not identify any specific trademarks and/or trademark registrations other than to say it "owns multiple US and international trademark registrations and allowed applications for the mark Linkedin and for the IN and design mark". The primary LinkedIn design mark appears to be: Linked in®, although it is sometimes reflected solely as the word "in" in white letters within a light blue box.

5

The Linkedin trademark consists of a single word. The word "Linkedin" is capitalized with the "linked" portion all in black while the "in" portion is white and is typically located within a light blue box. Notably, the only commonality between the PXT mark and LinkedIn's mark is use of the letters "in" as a suffix or ending word. The words are otherwise dissimilar in pronunciation.

      12.     In its June 18, 2013 letter, LinkedIn claimed PXT's *looped in* mark would confuse consumers since the PXT mark is used "in connection with services offered via a website and downloadable application and which consumers may use to make payments and conduct related transactions online." In a subsequent August 12, 2013 letter (attached as Exhibit 4), LinkedIn reaffirmed its position that PXT's mark is "similar in overall commercial impression" to the Linkedin marks. The August 12, 2013 letter concluded by stating: "**LinkedIn is not prepared to agree to PXT's continued use** and application to register the LOOPEDIN [sic] mark." (Emphasis added.) LinkedIn also noted "[i]f we cannot resolve this matter, LinkedIn will proceed to oppose the application." It is apparent from LinkedIn's correspondence that LinkedIn is challenging PXT's registration and use of its design mark and its use of the words looped in.

      13.     PXT disputes LinkedIn's assessment of its mark and its assertion that PXT's mark has or will cause consumer confusion or dilute LinkedIn's mark for a number of reasons. These reasons include the significant and notable differences in the both the actual language used and the pronunciation of the marks, as well as the visual presentation of the two marks, such as the font, colors, and the significant design element present solely on PXT's design mark, which takes on the appearance of a face, as opposed to the LinkedIn mark's blunt, block letter appearance in the portion "in" generally presented in a blue block. In addition, the services that are offered by the respective companies are strikingly different, with PXT offering a mobile

payment system and mobile application while LinkedIn offers professional networking services. It is unlikely that a professional individual seeking to network with others within his or her profession would mistakenly engage PXT's services or confuse its mark with that of LinkedIn's mark, or somehow otherwise believe that PXT's mobile application is provided by or somehow associated with LinkedIn.  Further PXT's word and design marks have co-existed with the LinkedIn marks since at least September 26, 2012 without, to PXT's knowledge, a single incident of actual confusion.  It is noteworthy that LinkedIn also has not identified any incident of actual confusion.

14.     Rather, it is apparent that LinkedIn is attempting to create a monopoly on the use of any word or phrase having even the most minute commonality – however slight – with its own marks by seeking to prevent the use and registration of otherwise proper marks through threats of opposition and further deter the use of such marks by claiming injuries to its mark that could constitute a cause of action under the Lanham Act.

COUNT I:  DECLARATORY JUDGMENT

15.     PXT repeats and re-alleges paragraphs 1 through 14 as if fully stated herein.

16.     There is a real and justiciable dispute between PXT and LinkedIn with respect to PXT's Design Mark "looped in" and PXT's "looped in" Text Mark.  As expressed in its June 18, 2013 and August 12, 2013 letters, LinkedIn takes the position that PXT's trademark has or will cause confusion with and/or dilution of the Linkedin marks.  As described more fully above, PXT disputes such assertions.

17.     Given the parties' respective positions and LinkedIn's assertion that the PXT's use and registration of its mark will cause consumer confusion and dilution of LinkedIn's mark, there is a genuine dispute between the parties and an actual risk that PXT will face legal action

from LinkedIn based upon PXT's continued use of the [looped in] design mark and/or its use of the text mark "looped in". PXT therefore requests, pursuant to 28 U.S.C. § 2201 and § 2202, that this Court rule and declare that the PXT "[looped in]" Design Mark and the looped in text mark do not infringe upon, dilute, or cause confusion with, any LinkedIn mark under either the Lanham Act, 15 U.S.C. § 1114 or § 1125, or common law. PXT also is entitled to its costs, interest, and reasonable attorneys' fees.

<u>Jury Demand</u>

PXT hereby demands a trial by jury on all issues triable to a jury.

WHEREFORE, PXT requests that this Court:

A. Rule and declare that PXT's "[looped in]" mark its use of looped in text mark does not in any way infringe upon any LinkedIn trade mark; and

B. Grant such other relief as may be just and proper.

    Respectfully submitted,

    PXT Payments, Inc.

    By its attorneys,

    COOK LITTLE ROSENBLATT &
    MANSON, PLLC

Date: September 25, 2013     By: /s/ Arnold Rosenblatt
    Arnold Rosenblatt, Esq., BBO #638526
    1000 Elm Street, 20th Floor
    Manchester, NH 03101
    (603) 621-7102

    BOURQUE & ASSOCIATES, PA

By: /s/Daniel J. Bourque
Daniel J. Bourque, Esq. BBO #554361
835 Hanover Street, Suite 301
Manchester, NH 03104
(603) 623-5111

## **VERIFICATION**

I, R. Craig Henkels, Chief Financial Officer of PXT Payments, Inc., hereby certify that the facts in the foregoing Complaint are true to the best of my knowledge, information, and belief.

/s/ R. Craig Henkels
for PXT Payments, Inc.

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF         Essex

Personally appeared before me,         R. Craig Henkels        , and made solemn oath that the statements made above are true and accurate to the best of his knowledge and belief.

 09/24/2013                                                       /s/Rosa Bertolone
Date                                                                     Notary Public/Justice of the Peace
                                                                              Commission Exp. 03/31/2017